UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____-CIV-_____/_____

JORGE BOSQUE, on behalf of himself
and others similarly situated,

    Plaintiff,

    v.

SPECIALTYCARE, INC.,
a Delaware Corporation,

    Defendant.
_____/

# COMPLAINT

1. Plaintiff, JORGE BOSQUE (hereinafter referred to as "Plaintiff"), is an individual residing in Miami-Dade County, Florida.

2. Defendant, SPECIALTYCARE, INC. (hereinafter referred to "SPECIALTYCARE"), is a Delaware Corporation that at all times material to this Complaint has had its corporate headquarters at 3100 West End Avenue, Nashville, Tennessee 37203-1378 and has employed thousands of employees at hundreds of medical facilities throughout the United States, including but not limited to at Hialeah Hospital at 651 E. 25th Street, Hialeah, Florida 33013 in Miami-Dade County, Florida within the jurisdiction of this Court.

3. Plaintiff brings this action on behalf of himself[1] and other current and former employees of SPECIALTYCARE similarly situated to Plaintiff who have worked as non-exempt "Surgical Assistants," however variously titled, for overtime compensation and other relief under the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. §216(b). More specifically, this

---

[1] Attached hereto is a signed Consent to Join of JORGE BOSQUE.

1

action is brought to recover from SPECIALTYCARE unpaid overtime compensation, liquidated damages, and the costs and reasonable attorneys' fees of this action under the provisions of the FLSA, 29 U.S.C. §216(b), for Plaintiff and the other non-exempt "Surgical Assistants" of SPECIALTYCARE similarly situated to him throughout the United States regardless of location.

4. Jurisdiction is conferred on this Court by 29 U.S.C. §216(b) and 28 U.S.C. §1337.

5. All of the events, or a substantial part of the events, giving rise to this action, occurred within the jurisdiction of the United States District Court for the Southern District of Florida, Miami Division.

6. At all times material to this Complaint including but not necessarily limited to during the years of 2014, 2015, 2016, and 2017, SPECIALTYCARE has had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that had been moved in or produced for commerce. In this regard, Plaintiff alleges based upon information and belief and subject to discovery, that at all times material to this Complaint, SPECIALTYCARE has employed two (2) or more employees who, *inter alia*: (a) have regularly handled and worked on surgical equipment including but not limited to instruments, retractors, forceps, clamps, suction devices, laparoscopy kits, and robotics as well as medical supplies including but not limited to latex gloves, suturing kits, and surgical dressing materials, all of which were all goods and/or materials moved in or produced for commerce; and (b) regularly processed and participated in electronic bank transfers and/or insurance transactions across State lines between Florida, Tennessee, and other States throughout the United States.

7. Based upon information and belief, the annual gross sales volume of SPECIALTYCARE has been in excess of $500,000.00 per annum at all times material to this Complaint, including but not necessarily limited to during the years of 2014, 2015, 2016, and 2017.

8. At all times material to this Complaint, including but not necessarily limited to during the years of 2014, 2015, 2016, and 2017, SPECIALTYCARE has been an enterprise engaged in interstate commerce or in the production of goods for commerce as defined by the FLSA, 29 U.S.C. §203(s).

9. In numerous work weeks during the three (3) year statute of limitations period between November 2014 and December 2016, Plaintiff worked for SPECIALTYCARE as a non-exempt "Surgical Assistant" at Hialeah Hospital in Miami-Dade County, Florida within the jurisdiction of this Court.

10. Plaintiff's primary job duties for SPECIALTYCARE as a "Surgical Assistant" at Hialeah Hospital during the three (3) year statute of limitations period between November 2014 and December 2016 consisted of the following non-exempt tasks:

> (a) handing instruments and equipment to surgeons upon the surgeon's direction during surgery, or if the surgeon was performing surgery with robotics, helping the scrub technicians to (i) insert instruments into the robotic arm; and/or (ii) set the robotic arm;
> (b) using cauterization instruments as instructed by the surgeon;
> (c) suctioning and vacuuming blood as instructed by the surgeon;
> (d) holding and placing retractors as directed by the surgeon;
> (e) cutting suture material when the surgeon finished stitching and/or tying superficial vessels when instructed by the surgeon; and
> (f) assisting with placing dressings on patients and helping nurses and scrub technicians move patients from stretchers onto the operating table and back to the recovery room after surgery; and
> (h) submitting forms containing the ministerial facts (such as dates, times, etc.) of surgeries in accordance with Defendant's established procedures.

11. Plaintiff's primary duties for SPECIALTYCARE as a "Surgical Assistant" during the three (3) year statute of limitations period between November 2014 and December 2016 did not consist of work requiring advanced knowledge, academic training, or a particular degree in the field of medicine. Rather, as a "Surgical Assistant" for SPECIALTYCARE, Plaintiff spent the majority of his working time performing manual tasks that did not involve the exercise of

discretion and independent judgment and instead were ministerial in nature and were carried out by Plaintiff pursuant to established techniques, procedures, and/or guidelines.

12. Further, as a "Surgical Assistant" for SPECIALTYCARE during the three (3) year statute of limitations period between November 2014 and December 2016, Plaintiff <u>did not</u> have the authority to, and Plaintiff and <u>did not</u>:

   (a) make incisions;
   (b) perform surgery through the use of robotics or otherwise;
   (c) complete patient health assessments or independent physical examinations of patients;
   (d) order diagnostic testing;
   (e) evaluate or make patient diagnosis;
   (f) make hospital rounds;
   (g) decide discharge instructions or determine patients' discharge conditions; or
   (h) establish patients' summaries for medical records or billing purposes.

13. The additional persons who may become Plaintiffs in this action are SPECIALTYCARE's current and former non-exempt "Surgical Assistants," however variously titled, who have worked for Defendant at any location throughout the United States in one or more weeks between November 2014 and the present without being paid time and one-half wages for all of their actual hours worked in excess of Forty (40) hours per week for SPECIALTYCARE.

14. Plaintiff worked in excess of Forty (40) hours per week in numerous work weeks during his employment with SPECIALTYCARE as a non-exempt "Surgical Assistant" within the three (3) year statute of limitations period between November 2014 and December 2016.

15. Likewise, the other employees of SPECIALTYCARE who are similarly situated to Plaintiff have regularly worked as non-exempt "Surgical Assistants," however, variously titled, in excess of Forty (40) hours in one or more work weeks during their employment with Defendant within the three (3) year statute of limitations period between November 2014 and the present at numerous locations throughout the United States, including but not limited to in Florida.  It is the

4

intent of this collective action to apply to all similarly situated employees regardless of location.

16. However, SPECIALTYCARE has failed to pay time and one-half wages for all of the actual overtime hours worked by Plaintiff and all other similarly situated non-exempt "Surgical Assistants" for all of their actual overtime hours worked within the three (3) year statute of limitations period, instead paying salaried wages for Forty (40) hours per week without time and one-half compensation for their overtime hours worked between November 2014 and the present.

17. More specifically, during the three (3) year statute of limitations period between November 2014 and December 2016, Plaintiff regularly worked as a non-exempt "Surgical Assistant" for SPECIALTYCARE with shifts that were commonly Monday through Friday with start times of 7:00 a.m. and stop times of between 3:00 p.m. and 5:00 p.m., along with weekend hours and additional work hours when called into work, averaging approximately Fifty (50) hours per week.

18. However, while SPECIALTYCARE paid Plaintiff salaried wages each week of Forty (40) hours of work per week based upon applicable regular rates of approximately $23.00/hour [$920.00 per week/40 hours = $23.00/hour] between November 2014 and late March 2015, followed by approximately $23.92/hour [$956.80 per week/40 hours = $23.92/hour] until approximately late April 2016, and at the rate of approximately $24.88/hour beginning in approximately May 2016 through December 2016, SPECIALTCARE failed to pay Plaintiff time and one-half wages for all of the overtime hours Plaintiff worked for Defendant within the three (3) year statute of limitations period.

19. Subject to discovery, based upon Plaintiff being owed an average of Ten (10) overtime hours per week during a total of approximately One Hundred (100) work weeks within the three (3) year statute of limitations period, if Plaintiff's unpaid overtime wages are found to be

5

due and owing at applicable overtime rates of $34.50/hour between November 2014 and late March 2015, $35.88/hour between approximately April 2015 and late April 2016, and $37.32/hour between May 2016 and December 2016, Plaintiff's unpaid overtime total **$36,034.54** [($34.50/hour x 10 OT hours/week x 20 weeks = $6,900.00) + ($35.88/hour x 10 OT hours/week x 50 weeks = $17,940.00) + ($37.32/hour x 10 OT hours/week x 30 weeks = $11,194.45) = $36,034.54].

20. Based upon information and belief, records of at least some of the start times, stop times, number of hours worked each day, and total hours worked each week by Plaintiff and SPECIALTYCARE's other similarly situated non-exempt "Surgical Assistants" between November 2014 and the present are in the possession, custody, and/or control of Defendant.

21. Based upon information and belief, SPECIALTYCARE had knowledge of the hours worked in excess of Forty (40) hours per week by Plaintiff and other similarly situated non-exempt "Surgical Assistants" for the benefit of SPECIALTYCARE in on or more weeks between November 2014 and the present but Defendant willfully failed to compensate Plaintiff and all other similarly situated employees, instead accepting the benefits of the overtime work performed by Plaintiff and the others similarly situated to him without paying the overtime compensation required by the FLSA.

22. The complete records reflecting the compensation paid by SPECIALTYCARE to Plaintiff and all other similarly situated non-exempt "Surgical Assistants" throughout the United States between November 2014 and the present are in the possession, custody, and/or control of Defendant.

## COUNT I
## OVERTIME VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

23. Plaintiff, JORGE BOSQUE, readopts and realleges the allegations contained in

6

Paragraphs 1 through 22 above.

24. Plaintiff is entitled to be paid time and one-half of his applicable regular rates of pay for each hour he worked for SPECIALTYCARE as a non-exempt "Surgical Assistant" in excess of Forty (40) hours per work week during the three (3) year statute of limitations period between November 2014 and December 2016.

25. All similarly situated non-exempt "Surgical Assistants" of SPECIALTYCARE are also entitled to be paid time and one-half of their applicable regular rates of pay for each and every overtime hour they worked for Defendant throughout the United States but were not properly compensated for working on Defendant's behalf during any work weeks within the three (3) year statute of limitations period between November 2014 and the present.

26. SPECIALTYCARE has knowingly and willfully failed to pay Plaintiff and the other non-exempt "Surgical Assistants" similarly situated to him at time and one-half of their applicable regular rates of pay for all hours worked for Defendant in excess of Forty (40) per week between November 2014 and the present.

27. At all times material to this Complaint, Defendant had constructive and actual notice that SPECIALTYCARE's compensation practices did not provide Plaintiff and SPECIALTYCARE's other non-exempt "Surgical Assistants" with time and one-half wages for all of their actual overtime hours worked between November 2014 and the present based upon, *inter alia*: (a) time records created and maintained of the start times, stop times, and total hours worked each week by Plaintiff and other similarly situated non-exempt "Surgical Assistants," however variously titled; and (b) knowingly failing to pay time and one-half wages for all of the actual hours worked in excess of Forty (40) hours per week by Plaintiff and other similarly situated non-exempt "Surgical Assistants," however variously titled, and instead refusing to pay time and

one-half wages for the overtime hours that SPECIALTYCARE knew had been worked for the benefit of Defendant.

28.  By reason of the said intentional, willful and unlawful acts of Defendant, all Plaintiffs (the named Plaintiff and those similarly situated to him) have suffered damages plus incurring costs and reasonable attorneys' fees.

29.  Based upon information and belief, at all times material to this Complaint, SPECIALTYCARE did not have a good faith basis for its failure to pay time and one-half wages for all of the actual hours worked by Plaintiff and the other similarly situated non-exempt "Surgical Assistants," as a result of which Plaintiff and those similarly situated to him are entitled to the recovery of liquidated damages from Defendant pursuant to 29 U.S.C. §216(b).

30.  Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover from SPECIALTYCARE all reasonable attorneys' fees and costs incurred as a result of Defendant's violations of the FLSA.

31.  Plaintiff demands a jury trial.

WHEREFORE, Plaintiff, JORGE BOSQUE and any current or former employees similarly situated to him who join this action as Opt-In Plaintiffs, demand judgment against Defendant, SPECIALTYCARE, INC., for the payment of all unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs of suit, and for all proper relief including prejudgment interest.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury on all issues so triable.

Dated:  November 27, 2017                           Respectfully submitted,


                                        By:     **s/KEITH M. STERN**
                                                Keith M. Stern, Esquire
                                                Florida Bar No. 321000
                                                E-mail:  employlaw@keithstern.com
                                                Hazel Solis Rojas, Esquire
                                                Florida Bar No. 91663
                                                E-mail:  hsolis@workingforyou.com
                                                LAW OFFICE OF KEITH M. STERN, P.A.
                                                One Flagler
                                                14 NE 1st Avenue, Suite 800
                                                Miami, Florida 33132
                                                Telephone:  (305) 901-1379
                                                Facsimile:  (561) 288-9031
                                                Attorneys for Plaintiff

## CONSENT TO JOIN FORM

1. I consent to be a party plaintiff in a lawsuit against Defendant(s), Specialty Care, Inc. as well as any related entities and individuals, to seek recovery for violations of the Fair Labor Standards Act (FLSA) pursuant to 29 U.S.C. §216(b) *et seq.*

2. I hereby designate the Law Office of Keith M. Stern, P.A. to represent me in bringing my FLSA claims and to make decisions on my behalf concerning the litigation and settlement of these claims. I agree to be bound by any adjudication by the Court, whether it is favorable or unfavorable.

3. I also consent to join any other related action against Defendant(s), or any other potentially responsible parties, to assert my FLSA claims and for this Consent Form to be filed in any such action.

Jorge Bosque
Printed Name

Signature: *jorge bosque*